UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAGA ABDULLAHI, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> VS. ) <br> ) <br> TOYOTA MOTOR CORPORATION and ) <br> TOYOTA MOTOR ENGINEERING & ) <br> MANUFACTURING NORTH AMERICA, ) <br> INC., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 2:17-cv-00123-DBH |

**THE PARTIES' JOINT OBJECTION TO THE COURT'S SCHEDULING ORDER WITH PROPOSED DISCOVERY PLAN**

The Plaintiff, Daga Abdullahi, and the Defendants, Toyota Motor Corporation (TMC) and Toyota Motor Engineering & Manufacturing North America, Inc. (TEMA), jointly object to certain aspects of the Scheduling Order set by the Court and jointly propose an amended discovery plan for the Court's consideration as set forth in greater detail below.

In summary, the parties are seeking to have this case moved to the Complex Track and afforded an additional six months for discovery and to increase certain discovery limitations. As grounds for their request, the parties state that this is a complex automotive product liability action that is expected to require significant discovery, including document production, fact witness depositions, and expert discovery. All parties are in agreement with the requests contained herein.

1

# CASE BACKGROUND

This is a personal injury automotive product liability matter arising out of a motor vehicle accident that occurred on May 14, 2016, on Elderberry Lane in New Gloucester, Maine. Plaintiff Daga Abdullahi was a passenger in a 2009 Toyota Camry when the vehicle, for presently unknown reasons, left the roadway and struck another vehicle.

Plaintiff alleges defects in the design of the passenger's seat assembly and passenger's seatbelt system in the subject 2009 model year U.S. bound Toyota Camry. Plaintiff contends the Defendants designed, manufactured, marketed, assembled, and/or tested said vehicle in question to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts, in that the vehicle was unreasonably dangerous as designed, manufactured, assembled, marketed, and/or tested because Defendants knew of the following defects:

    a.    The vehicle violated principles of crashworthiness;
    b.    The vehicle failed to provide proper restraint;
    c.    The vehicle failed to control kinematics;
    d.    The vehicle failed to prevent or minimize submarining;
    e.    The restraint system permitted the passenger to submarine such that they suffered internal organ injuries and a hangman's fracture;
    f.    The vehicle failed to contain safety systems that prevent injurious submarining type injuries;
    g.    The vehicle failed to contain a knee bag;
    h.    The vehicle's seat restraint failed to contain an adequate anti-submarining seat feature;
    i.    The vehicle failed to contain a knee bolster that would assist as an anti-submarining feature;
    j.    The vehicle's restraint system permitted submarining;
    k.    The vehicle lacked safety systems to overcome submarining;
    l.    The vehicle's restraint system permitted excessive forward excursion;

The Defendants deny that the 2009 model year U.S. bound Toyota Camry is defective or unreasonably dangerous and denies that any defective condition in the subject vehicle contributed to or enhanced Plaintiff's claimed injuries. Rather, the

Defendants would show that Plaintiff's injuries were caused entirely by the underlying crash, which was not caused by the subject vehicle. The subject 2009 model year U.S. bound Toyota Camry met or exceeded all applicable Federal Motor Vehicle Safety Standards and the Defendants' internal standards, and the vehicle is a reasonably safe vehicle. The Defendants deny Plaintiff's various crashworthy allegations in their entirety, including with respect to the subject Camry's seat design and passenger seatbelt system and other vehicle defect-related allegations in general. The Defendants rely on all applicable defenses afforded to them under Maine product liability law, as well as all defenses delineated in their Answers to Plaintiff's Complaint.

The Defendants further state that their investigation into the allegations raised in Plaintiff's Complaint is ongoing and not complete. To that same end, Plaintiff has not yet disclosed any specific product liability defect theories beyond those which were generally described in Plaintiff's Complaint. It would therefore be premature, at this time, to attempt to describe in any greater detail the Defendants' defenses to the factual assertions made by Plaintiff. The Defendants anticipate disputing both liability and the extent of the damages claimed by Plaintiff. The Defendants and Plaintiff will supplement their theories in the pretrial order and as required by the Federal Rules of Civil Procedure and the Local Rules.

**ARGUMENT FOR AMENDED DISCOVERY PLAN**

The parties anticipate that the discovery related to the Plaintiff's theories of defect will include the identification, collection, preparation for production and review of documents related to those theories; depositions of investigating officers, first responders, witnesses and others about the accident event; depositions of the Plaintiff

3

and of TMC and TEMA pursuant to Fed. R. Civ. P. 30(b)(6); vehicle and scene inspections and analyses by experts; and expert disclosures and depositions. The parties do not believe that the case can be prepared adequately and efficiently on the standard schedule set by the Court.

**PROPOSED AMENDED SCHEDULING ORDER**

The parties have conferred for the purpose of identifying a schedule that meets the Court's objectives of reducing expense and delay but allows adequate time for discovery to proceed in an efficient manner. The parties therefore jointly propose the following modifications to the Court's Scheduling Order:

| Event | Proposed New Deadlines | Current Deadlines |
|---|---|---|
| Deadline for Conference Pursuant to Fed. R. Civ. P. 26(f) | **Completed** | July 21, 2017 |
| Deadline for Initial Disclosure Pursuant to Fed. R. Civ. P. 26(a)(1)[1] | **October 2, 2017** | August 4, 2017 |
| Deadline for Amendment of the Pleadings and Joinder | **September 22, 2017 (no change)** | September 22, 2017 |
| Plaintiff's expert designations and disclosures | **January 22, 2018** | September 22, 2017 |
| Defendant's expert designations and disclosures | **February 26, 2018** | October 27, 2017 |
| Plaintiff shall make a written settlement demand by | **May 14, 2018** | November 13, 2017 |
| Deadline to complete discovery | **May 25, 2018** | November 24, 2017 |
| Defendant shall respond to settlement demand | **May 25, 2018** | November 24, 2017 |
| Deadline to file Notice of Intent to file Motion for Summary Judgment and | **August 1, 2018** | December 1, 2017 |

---

[1] The parties agree that documents protected from disclosure by Rule 26(c) will be produced within 30 days of the entry of a Protective Order.

4

| Event | Proposed New Deadlines | Current Deadlines |
|---|---|---|
| Need for a Pre-Filing Conference pursuant to Local Rule 56(h) | | |
| Deadline to file all dispositive motions and motions challenging expert witness qualifications and opinions with supporting memoranda | **June 15, 2018** | December 15, 2017 |
| Expected trial date | **August 13, 2018** | February 5, 2018 |

The parties further state that discovery shall not be conducted in phases.

## PROPOSED AMENDMENTS TO DISCOVERY LIMITATIONS

| Event | Proposed New Limitations | Current Limitations |
|---|---|---|
| Interrogatory and Requests for Admissions Limitations | No change | 30 Interrogatories<br>30 Requests for Admission |
| Requests for the Production of Documents Limitations | No change | 2 sets of Requests for Production per opposing side |
| Deposition Limitations | 5 depositions per side, not to include depositions of keeper of records or of experts, which are not limited.<br><br>The following depositions of independent witnesses may be noticed by either party and will not count towards the above-referenced 5 depositions:<br>• Accident percipient witnesses;<br>• Investigating police officers/fire department personnel/EMTs or other first responders. | 5 depositions per side |

5

## ADDITIONAL AGREEMENTS BETWEEN THE PARTIES

The parties have reached certain agreements to streamline discovery and request that said agreements be endorsed by Order of the Court:

### A.  MEET AND CONFER

The parties agree that no motions concerning discovery are to be filed until after the parties have conferred in good faith and after an exchange of the factual and legal positions for any discovery concerns.

### B.  ELECTRONIC DISCOVERY:

#### 1.  Method of Producing Electronic Discovery

Electronic discovery shall be produced to the requesting party in a commercially reasonable manner or in the manner kept in TMC's and TEMA's regular course of business, whichever is less burdensome and more economical for the producing party. If a party requests documents that are stored in an electronic format, the disclosing party may provide the requesting party either with printed copies of the documents or with electronic copies of the documents that are in a reasonably usable form. Electronic copies of documents may be produced on CD, DVD, hard drive, by e-mail, or by other electronic means.

#### 2.  Cost and Burden of Producing Electronic Discovery

Unless the party with the burden of bearing the costs as specified below demonstrates to the Court that the cost is overly burdensome, the following presumption applies: To the extent that the parties request files or copies of documents, the parties agree that such requests shall be provided to the other party in the normal and traditional course of discovery, with the producing party bearing the cost of assembling

the requests, except that TMC and TEMA will seek reasonable reimbursement for production costs. Plaintiff posits that the cost of the production of such material is on the one producing the documents unless a burden can be shown pursuant to the Federal Rules. As such, Plaintiff reserves the right to object to the reimbursement of production costs.

### 3. Timing of Production of Electronic Discovery and Other Documents

The Defendants anticipate that document production will be made within approximately 30 days following the exchange of Initial Disclosures, serving responses to discovery, or within 30 days upon entry of a Protective Order, if applicable. If the Defendants anticipates an issue with this timing, the Defendants will initiate a meet and confer with Plaintiff's counsel.

Within thirty days of the implementation of this Agreed Order, Plaintiff will provide a computation of damages claimed pursuant to Rule 26(a)(1)(iii), making available for inspection and copying as under Rule 34, the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

### C. PROTECTIVE ORDER

A Protective Order is necessary at this time. The Plaintiff and the Defendants have conferred and will file separately a proposed Protective Order if the parties are not able to reach an agreement on the parameters of the protective order.

### D. PRIVILEGED INFORMATION

There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information.

Within sixty (60) days after the filing of the Initial Disclosures, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information that is itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. The parties agree that a categorical privilege log is permissible in this action. The parties further agree that there is no duty to include on the privilege log those documents created after the filing of the Original Complaint in this matter, April 6, 2017. Supplemental privilege logs may be provided as discovery continues. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall have the opportunity to respond. If a party inadvertently produces information that is subject to a claim of privilege, the parties agree to follow the procedure set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

**E.     ELECTRONIC DISCOVERY SOURCES**

At this time, the parties do not know of any additional electronic discovery issues that may arise in this matter. If additional issues arise not governed by this Plan, the parties agree to work in good faith to resolve the matter before bringing the issue to the Court's attention.

## **CONCLUSION**

Accordingly, the parties respectfully request that the Discovery Plan set forth herein be adopted in lieu of the Court's Scheduling Order.

| | |
|---|---|
| PLAINTIFF<br>DAGA ABDULLAHI | TOYOTA MOTOR CORPORATION<br>TOYOTA MOTOR ENGINEERING &<br>MANUFACTURING NORTH AMERICA, INC. |
| By her Attorneys, | By their Attorneys, |
| /s/ Andrew J. Bernstein | /s/ Michelle I. Schaffer |
| Andrew J. Bernstein<br>Law Office of Joe Bornstein<br>5 Moulton Street<br>P.O. Box 4686<br>Portland, ME 04112<br>(207) 772-4625<br>abernstein@joebornstein.com | James M. Campbell<br>Michelle I. Schaffer<br>Campbell Campbell Edwards & Conroy<br>One Constitution Center<br>Boston, MA 02129<br>(617) 241-3000<br>jmcampbell@campbell-trial-lawyers.com<br>mschaffer@campbell-trial-lawyers.com |

## **CERTIFICATE OF SERVICE**

I, Michelle I. Schaffer, hereby certify that on July 26, 2017, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Andrew J. Bernstein
Law Office of Joe Bornstein
5 Moulton Street
P.O. Box 4686
Portland, ME 04112
(207) 772-4625
abernstein@joebornstein.com

E. Todd Tracy
EToddTracy@vehiclesafetyfirm.com
Andrew G. Counts
ACounts@vehiclesafetyfirm.com
Stewart D. Matthews
SMatthews@vehiclesafetyfirm.com
4701 Bengal Street
Dallas, Texas 75235
(214) 324-9000 – Phone
(972) 387-2205 – Fax

/s/ Michelle I. Schaffer
Michelle I. Schaffer